**J. Bryant KASEY and MaryAnn Kasey, Appellants,**

**v.**

**MOLYBDENUM CORPORATION OF AMERICA, a corporation, Appellee.**

**No. 25807.**

United States Court of Appeals, Ninth Circuit.

July 12, 1972.

Rehearing Denied Aug. 17, 1972.

Certiorari Denied Dec. 11, 1972.
See 93 S.Ct. 571.

J. Bryant Kasey and MaryAnn Kasey, in pro. per.

Everette B. Laybourne (argued), Dennis Keeley, of MacDonald, Halsted & Laybourne, Los Angeles, Cal., for appellee.

Before MERRILL, KOELSCH and KILKENNY, Circuit Judges.

KOELSCH, Circuit Judge:

In 1960, J. Bryant Kasey and Mary-Ann Kasey, his wife (hereinafter appellants), commenced an action in the District Court to recover certain mining properties which they had sold and conveyed in 1951 to appellee Molybdenum Corporation; in addition, they sought an accounting and damages. The District Court, concluding that the claim for recovery of the property[1] was barred by limitations [California Code of Civil Procedure § 318], entered judgment against appellants on that claim, pursuant to Rule 54, F.R.Civ.P. This court affirmed. Kasey v. Molybdenum Corp., 336 F.2d 560 (9th Cir. 1964).[2]

During the course of proceedings in the District Court on the remaining claims, appellants moved for a change of venue. This motion was denied. Appellants' purported appeal from that order was dismissed and, treated as a petition for a writ of mandamus, was denied. Kasey v. Molybdenum Corp., 408 F.2d 16 (9th Cir. 1969). When the matter then went back, the District Court, in an attempt to clarify the basis for the remaining claim and to ascertain what factual issues would be presented for trial and determination, made an order on its own motion in the nature of an order to show cause, directing appellants to appear and particularize. Appellants thereupon filed an extensive memorandum which, in essence, consisted solely of a reiteration of their claim for recovery of the property. At the hearing, appellants affirmatively declined to continue on the accounting and related matters and persistently urged that the action to recover the property continue; they further requested leave to amend their complaint accordingly. The court denied appellants' motion, on the ground that the proposed amended complaint did not raise any new issues, and granted judgment against them.

■■ Succinctly stated, the issue on this appeal is whether the District Court erred in denying appellants leave to amend and incidentally dismissing their action. It is well settled, of course, that amendments to pleadings should be freely allowed when the interests of justice would be served. Rule 15, F.R.Civ.P. However, inherent in this rule is the qualification that amendments should not be allowed merely to permit a restatement of the same facts in different language or the reassertion of a claim previously determined. Appellants' proposed amendment is within this qualification. Their right to question the sale contract and accompanying conveyance was finally settled adversely to them in 1964.[3] The proposed amendment, going to the merits of such a claim, put nothing in issue that had not already been resolved. That matter may no longer be litigated. The rulings of the trial court were correct.

The judgment is affirmed.

---

1. As we noted in one of the earlier opinions on appeal [336 F.2d 560, 571] appellants had advanced at least eight theories for recovery: "(1) anticipatory repudiation, (2) abandonment, (3) breach of duty to work the mining properties, (4) fraud, (5) lack of intent to perform the contract, (6) impression or breach of a constructive trust, (7) material and total breach of contract, and (8) coercion (duress?)."

2. In the opinion this court outlined in considerable detail the lengthy course of litigation at that time between appellants and the appellee in both federal and California state courts regarding the mining properties involved in this case. 336 F.2d at 562–563. No useful purpose would be served by again doing so. Throughout the previous lawsuits, and during the earlier stages of this litigation, appellants were represented by counsel; since that time they have appeared in propria persona. And much unnecessary bulk has been added to the record as a consequence.

3. On this appeal, appellants urge this court to set aside all prior judgments because obtained by appellee's fraud. No such claim was tendered below, and this court possesses no original jurisdiction to entertain it.