Patricia J. GROHAL, Individually and on behalf of all others similarly situated, Plaintiff,

v.

STAUFFER CHEMICAL COMPANY, INC., Defendant.

No. C–74–1270–OJC.

United States District Court, N. D. California.

Nov. 1, 1974.

**1268**

Dayne L. Russell, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, David Rothman, San Francisco, Cal., for defendant.

### ORDER

OLIVER J. CARTER, Chief Judge.

Defendant Stauffer Chemical Company has made motions to dismiss, to strike, and for a more definite statement. Plaintiff has conceded that her fifth and sixth causes of action should be stricken; she opposes the motions to dismiss and for a more definite statement as well as the motion to strike her prayer for exemplary damages.

Defendant's motions to dismiss and for a more definite statement are based upon Stauffer's contention that plaintiff's complaint, as it is now worded, presents only conclusory allegations which fail to allege sufficient jurisdictional facts and to which it is difficult for defendant to properly respond.

Plaintiff's claims are based on Title VII of the 1964 Civil Rights Act. She makes two factual assertions in her complaint: the dates of her hiring and termination. The remainder of that portion of the complaint which deals with the nature of the claim contains a series of general allegations that plaintiff and members of the class she wishes to represent (other women employed by the defendant) have been discriminated against in matters of employment, promotions and transfers (Complaint, ¶ 11); are subject to harassment, abuse and intimidation (Complaint, ¶ 12); and have been wrongfully discharged (Complaint, ¶ 13). Plaintiff argues that the allegations as they now stand are sufficient to give notice to defendant of plaintiff's claim under F.R.Civ.P. 8(a)(2). The Court, however, agrees with defendant that plaintiff must allege her claims with a minimum degree of specificity.

"Liberal as are the federal rules of pleading, something more than a conclusory allegation of systematic racial discrimination is required. Some facts as to when, how, to whom, and with what results such discrimination has been applied would seem a minimum required . . . ." (Ogletree v. McNamara, 449 F.2d 93, 98 (6th Cir. 1971)).

See also Edwards v. North American Rockwell Corporation, 291 F.Supp. 199 (C.D.Cal.1968); Nishiyama v. North American Rockwell Corporation, 49 F.R. D. 288 (C.D.Cal.1970).

Plaintiff should, in amending her complaint, at least give some facts regarding the discrimination she feels that she herself suffered. For example, who fired her and why? When and how was she harassed or intimidated by male

personnel? When was she refused promotion, transfers or on-the-job training?

█ If plaintiff can plead some specifics in this regard, she should also be able to overcome the second problem: the jurisdictional requirement. Defendant points out correctly that, although plaintiff's complaint must, according to 42 U.S.C. § 2000e–5, be filed within 30 days after a rejection by the FEPC or 210 days after the last alleged act of discrimination, the only alleged act falling within that time period is plaintiff's termination. Plaintiff contends, and it would appear rightly, that if the discrimination complained of is ongoing or continuing, the statutory time periods are waived. Pacific Maritime Association v. Quinn, 491 F.2d 1294 (9th Cir. 1974). By giving a few instances of her continuing difficulties in obtaining transfers or promotions, for example, plaintiff should be able to establish a continuing pattern or practice and thereby satisfy the jurisdictional requirement.

█ Defendant has also moved to strike plaintiff's prayer for exemplary damages, citing this Court's opinion in Van Hoomissen v. Xerox Corporation, 368 F.Supp. 829 (N.D.Cal.1973), in which the Court held that exemplary damages were not recoverable in a Title VII suit. The Court agrees with defendant that, in keeping with the *Van Hoomissen* decision, the prayer for exemplary damages should be stricken.

Therefore, the Court will grant defendant's motion to dismiss the complaint on the grounds that it fails to allege necessary jurisdictional facts and will grant defendant's motion for a more definite statement. However, the Court will give plaintiff 30 days in which to file an amended complaint.

Accordingly, it is ordered that defendant's motions to dismiss and for a more definite statement be, and hereby are, granted without prejudice;

It is further ordered that defendant's motion to strike plaintiff's prayer for exemplary damages be, and hereby is, granted;

It is further ordered that the fifth and sixth causes of action be, and hereby are, stricken;

It is further ordered that plaintiff has 30 days in which to file an amended complaint in compliance with the provisions of this order.