**Damascus Tamara BENNETT, Plaintiff,**

v.

**SOUTHERN MARINE MANAGEMENT CO., Defendant.**

**No. 81–77 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

Jan. 28, 1982.

Mark F. Kelly, Frank, Chamlbee & Kelly, Tampa, Fla., for plaintiff.

Charles K. Howard, Jr., Bennet D. Alsher, Elarbee, Clark & Paul, Atlanta, Ga., Mary Applegate, Holland & Knight, Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, Chief Judge.

The Court has for consideration defendant's motion to dismiss counts three and four of the complaint on the ground that they describe state causes of action that should not be tried along with the federal claims asserted in count one. Defendant also moves to strike plaintiff's claims for punitive and compensatory damages in count two. Plaintiff has responded to the motion.

This is an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In counts one and two, plaintiff alleges that she was constructively discharged in retaliation for her earlier complaints to the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Count one alleges that this retaliatory discharge violated Title VII; count two alleges that it violated the Florida Human Rights Act of 1977, Fla.Stat.Ann. § 23.161 *et seq.* (Supp. 1981), and includes a prayer for compensatory and punitive damages.

Counts three and four represent state claims. Count three alleges that by discharging plaintiff, defendant breached an agreement entered into previously by both parties in settlement of an earlier employment dispute. In count four, plaintiff alleges a common law claim for intentional infliction of emotional distress. Plaintiff seeks consequential damages in count three, and count four includes a prayer for punitive damages and attorney's fees.

The question presented by defendant's motion is whether this Court can or should extend pendant jurisdiction to hear state claims for compensatory and punitive damages in a Title VII case. Initially, the Court notes that defendant does not move to dismiss count two, despite the prayer for punitive damages therein. Rather, defendant moves to strike the claim for punitive damages in count two, arguing correctly that the Florida Human Rights Act of 1977 does not support such relief.

Florida's Human Rights Act of 1977 is patterned in large part after Title VII of the Civil Rights Act of 1964. *See School Board of Leon County v. Hargis*, 400 So.2d 103, 108 n. 2 (Fla.App.1981). Like Title VII, the state statute includes no mention of punitive damages. Rather, it provides that, upon finding that an unlawful employment practice has occurred, a court "shall issue an order prohibiting the practice, including reasonable attorney's fees." Fla.Stat.Ann. § 23.167(13). The omission of punitive damages from this legislation is made all the more glaring when the Act is compared to Florida's equal pay statute. Section 725.07, Florida Statutes, prohibits discrimination on the basis of race, sex, or marital status in providing "equal pay for equal services," and permits a victim of such discrimination to recover punitive as well as compensatory damages, along with reasonable attorney's fees. Fla.Stat.Ann. § 725.07(2).

■ Plaintiff cites no case suggesting that the Florida statute does support a claim for punitive damages. Instead, plaintiff resists the motion to strike on the ground that it is untimely. This argument is without merit. F.R.Civ.P. 12(f).

■ Thus, defendant moves to dismiss counts three and four, the only counts of plaintiff's complaint that include supportable claims for compensatory and punitive damages, on the ground that the court should not hear such pendant claims in a Title VII suit. Analyzing whether a state claim is within a court's pendant jurisdiction is a two-step process: first, the court must determine whether it has the constitutional power to hear the state claims; and second, the court must decide whether discretionary jurisdiction should be exercised to hear the state claims in question. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Defendant does not argue that this Court lacks the power to hear the state claims asserted in counts three and four; the federal Title VII claim is clearly substantial, and the federal and state claims indisputably derive from "common nucleas of operative fact."

Defendant does argue, however, that to hear the state claims presented in this case would be contrary to the Congressional policy underlying Title VII. This analysis is based on *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Although *Aldinger* dealt specifically with pendant party jurisdiction, it does show that pendant jurisdiction is only to be exercised when such would not contravene the intent of the statute giving rise to the federal claim. *See also, Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371–73, 98 S.Ct. 2396, 2401–02, 57 L.Ed.2d 274 (1978).

There are several characteristics of Title VII that suggest that hearing certain state claims as pendant claims in a Title VII suit may conflict with the intent of the statute. First, the relief available under state tort or contract claims may make entertaining such claims inconsistent with the "congressional · intent of limited relief" under Title VII. *See Lim v. The International Institute of Metropolitan Detroit, Inc.*, 510 F.Supp. 722, 25 F.E.P. 1517 (E.D.Mich.1981). Title VII unquestionably provides only equitable relief, including reinstatement and backpay. The Supreme Court has stated that the purpose of Title VII's remedial provision is "to make persons whole for injuries suffered on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). Without more, this limited relief might not necessarily require the conclusion that to hear a state cause of action arising from the same facts as the Title VII claim but providing different relief is inconsistent with the policies of Title VII. *Cf. Kiss v. Tamarac Utilities, Inc.*, 463 F.Supp. 951, 954 (S.D.Fla.1978) (pendant parties; finding congressional policy against compensatory and punitive damages in employment discrimination cases).

The Court in *Lim, supra*, noted additional procedural characteristics of Title VII, however, and considered them more significant than Title ·VII's remedial provisions in indicating a congressional policy against entertaining state claims of the kind presented in this case. Title VII cases are to be tried to a judge, and are to be expedited. 42 U.S.C. § 2000e–5(f)(4)–(5). If the court is unable to try the case within 120 days, it is empowered to refer the case to a master. *Id.* § 2000e–5(f)(5). These and other provisions of Title VII indicate a clear congressional policy that Title VII cases be adjudicated as promptly as possible. To hear state contract and tort claims in a Title VII case would conflict with this policy. Such claims support a right to jury trial, exercise of which would confuse and delay determination of the Title VII claim and would prevent a court from expediting the Title VII case by referring it to a master. As noted above, these state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time.

■ Thus, the confusion and delay engendered by combining Title VII and state contract or tort claims suggest that such a

course is at war with important federal policies underlying Title VII. Because the Court finds that entertaining these state claims would conflict with federal policy as manifested in Title VII, it does not reach the discretionary question of whether pendant jurisdiction should be exercised in this case. *See generally Jackson v. Stinchcomb,* 635 F.2d 462, 472–73 (5th Cir. 1981).

The claims asserted in counts three and four should be, and they are hereby DISMISSED without prejudice to plaintiff's right to assert them in a state forum.