**William JAMES, Plaintiff,**

v.

**KID BROADCASTING CORPORATION, Defendant.**

Civ. No. 82–4022.

United States District Court, D. Idaho.

March 15, 1983.

**1154**

Marc J. Weinpel, Idaho Falls, Idaho, for plaintiff.

Dennis M. Olsen, Earl Blower, Idaho Falls, Idaho, for defendant.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

The plaintiff in this action claims to be the victim of age and religious discrimination. He has filed suit under the Age Dis-crimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq.* The defend-ant, KID Broadcasting Corporation (KID), responded by filing a motion to dismiss. KID's motion makes three principal allega-tions: (1) that plaintiff's action is barred by the applicable statute of limitations; (2) that certain elements of damage claimed by the plaintiff are not permitted in Title VII and ADEA actions; (3) that the plaintiff's pendent state claims are improper. The Court will consider each of these charges beginning with the statute of limitations issue.

KID first alleges the plaintiff has not properly pled allegations concerning plaintiff's exhaustion of state remedies. The plaintiff admits that his initial com-plaint did not contain sufficient exhaustion allegations, but has since filed a motion for amended complaint in which he alleges that he filed a complaint with the Idaho Human Rights Commission. That Commission con-sidered plaintiff's claim, found that it had no merit, and dismissed it. Courts have allowed plaintiffs to amend their com-plaints to allege the fulfillment of exhaus-tion requirements. *See Kasey v. Molybde-num Corp. of America*, 467 F.2d 1284 (9th Cir.1972); *Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir.1978). The Court will there-fore grant plaintiff's motion to amend, and finds that KID's claims that the exhaustion of state remedies was not properly pled are not well taken. The remainder of this opin-ion will concern this amended complaint.

KID next alleges that plaintiff's Ti-tle VII and ADEA claims are untimely un-der 29 U.S.C. §§ 626, 633(b), and 42 U.S.C. § 2000e-5. Both of these provisions re-quire a plaintiff to file an administrative charge with the Equal Employment Oppor-tunity Council (EEOC) within 300 days af-ter the unlawful practice occurred. KID argues that a number of alleged incidents contained in plaintiff's amended complaint occurred more than 300 days before the plaintiff filed his administrative Title VII and ADEA charges with the EEOC on Jan-uary 19, 1981. Specifically, paragraphs 5, 6,

8, 9, 10, 11, and 12 of plaintiff's amended complaint allege specific and separable incidents, all of which occurred more than 300 days before the plaintiff filed his EEOC claims. The only specific allegation made in plaintiff's amended complaint which occurred within the 300 day period is contained in paragraph 13 of plaintiff's amended complaint.

█ The plaintiff admits that he cannot receive any relief or compensation for the specific incidents alleged in paragraphs 5, 6, 8, 9, 10, 11, and 12. The plaintiff does allege, however, that these claims should not be dismissed because they constitute relevant background evidence of KID's intent and motives concerning the plaintiff's single timely claim contained in paragraph 13. At least one court has held that employer practices in the time-barred period can serve as relevant evidence of the employer's intent or motive with regard to the timely claims. *See Marshall v. American Motors Corp.,* 475 F.Supp. 875 (E.D.Mich. 1979). With regard to Title VII, the United States Supreme Court has held that time-barred Title VII claims can be used as relevant background evidence concerning a timely filed Title VII claim. *See United Airlines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). The Ninth Circuit has recently held that cases construing Title VII may be used to resolve ADEA issues. *See Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9th Cir.1981).

Under this authority, the plaintiff may introduce evidence concerning time-barred claims relevant to a timely claim. But that same authority is also clear that plaintiff may not receive any relief for the time-barred claims. Taking these holdings into account, the Court hereby dismisses paragraphs 5, 6, 8, 9, 10, 11, and 12 of plaintiff's amended complaint, but will permit the plaintiff to introduce properly admittable evidence concerning the time-barred claims relevant to plaintiff's timely ADEA and Title VII claims.

KID next claims that the Court should exercise its discretion to dismiss the plaintiff's pendent state claims. The plaintiff has alleged two pendent claims: (1) count two of plaintiff's amended complaint alleges a violation of Idaho Code Chapter 59, Title 67, Section 5901 *et seq.;* and (2) count five of plaintiff's amended complaint alleges a breach of contract.

█ The factors to be considered in determining whether pendent jurisdiction should be exercised are: (1) the existence of a substantial federal claim sufficient to confer subject matter jurisdiction on the Court; (2) whether the state and federal claims derive from a common nucleus of operative fact; and (3) whether a plaintiff's claims are such that he would expect them all to be tried in a single judicial proceeding. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). But even when all of these factors exist, the power to hear the state claims along with the federal claims need not be exercised in every case. As *Gibbs* makes clear, pendent jurisdiction is a doctrine of discretion.

█ KID does not claim that any of the three factors listed above are lacking in this case; rather, KID argues that to hear the state claims in this action would contravene the policy underlying Title VII and the ADEA.

With regard to pendent party jurisdiction, the United States Supreme Court has held that pendent jurisdiction should not be exercised when to do so would contravene the intent of the statute giving rise to the federal claim. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).[1] Other courts have expanded this reasoning to cover pendent claims where the federal court has only

---

1. While the *Aldinger* case has been overruled by *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) with respect to the question of the amenability of a municipal corporation to suit under § 1983, the Supreme Court in the *Owen* case indicated that *Aldinger* is still a valid precedent concerning the analytical framework employed to examine questions of pendent jurisdiction.

limited power to grant relief; these courts hold that they lack power to hear a pendent state claim that would increase the recovery to beyond that limit. *See Brame v. Ray Bills Finance Corp.,* 85 F.R.D. 568 (N.D.N.Y. 1979); *Wesley v. John Mullins & Sons, Inc.,* 444 F.Supp. 117 (E.D.N.Y.1978). These cases all recognize the importance of considering whether the exercise of pendent jurisdiction would contravene the policy behind the statutes giving rise to the federal claim.

Would exercising pendent jurisdiction over plaintiff's state law claims contravene the intent behind Title VII and the ADEA? The courts have split over this issue. One line of cases holds that exercising pendent jurisdiction over state claims would circumvent the limited scope of relief available under Title VII and the ADEA. *See Bennett v. Southern Marine Management Co.,* 531 F.Supp. 115 (M.D.Fla.1982); *Lim v. The International Institute of Metropolitan Detroit, Inc.,* 510 F.Supp. 722 (E.D.Mich.1981); *Hannon v. Continental National Bank,* 427 F.Supp. 215 (D.Colo.1977). The court in *Bennett* stressed as well the

> ... clear congressional policy that Title VII cases be adjudicated as promptly as possible. To hear state contract and tort claims in a Title VII case would conflict with this policy.

*Id.* at 117.

An opposing line of cases does not give much weight to these concerns. *See Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981); *Goodman v. Board of Trustees of Community College,* 511 F.Supp. 602 (D.Ill.1981). These courts have exercised pendent jurisdiction over state claims in a Title VII action when the three factors enumerated in the *United Mine Workers v. Gibbs, supra,* case are satisfied.

The Ninth Circuit has not ruled directly on this issue although it commented on the problem in *Cancellier v. Federated Dept. Stores,* 672 F.2d 1312 (9th Cir.1982). In *Cancellier* the plaintiff prevailed at the trial level on his ADEA and pendent state law claims. On appeal, the defendant employer argued that the jury award of tort damages

on the state claims (punitive damages and emotional distress damages) duplicated plaintiff's ADEA relief. The Ninth Circuit disagreed. The Circuit pointed out that a plaintiff cannot recover emotional distress and punitive damages under the ADEA, and that there was no double recovery. The court then went on to state as follows:

> While the wisdom of allowing open-ended state claims ... to coexist with ADEA claims whose financial redress Congress has carefully limited to specific damage elements is arguable, it is for Congress, not us, to decide whether state common law remedies trench too closely on the federal scheme. Pendent jurisdiction, of course, is a doctrine of discretion. We recognize that in appropriate circumstances dismissal of the state claims without prejudice is proper. Such circumstances may exist, for example, where the trial judge finds that the state issues predominate in terms of the comprehensiveness of the remedy sought, or that there is a sufficient likelihood of jury confusion in treating divergent legal theories of relief to justify separating state and federal claims.

*Id.* at 1318 (citations omitted).

The state claims in the present case have no independent basis for jurisdiction; this is not a diversity case. The plaintiff's first state claim alleges a violation of Idaho Code § 67–5901 *et seq.,* the Idaho analogue to Title VII. The remedies for a violation of this Idaho statutory scheme are as broad as the remedies available in any civil action. *See* Idaho Code § 67–5908(1). There is a non-exhaustive list of available remedies in Idaho Code § 67–5908(3) which includes punitive damages. Of course punitive damages are not available in Title VII and ADEA causes of action. *See Cancellier v. Federated Dept. Stores, supra.* And the plaintiff could arguably (although the Court does not so hold) be entitled to collect emotional distress damages under Idaho Code § 67–5908(1) if a violation was established, although such relief is not permitted under the Title VII and ADEA causes of action. The plaintiff's breach of contract

claim could also expand the available compensatory remedies beyond those permitted by Title VII and the ADEA.

Under these circumstances the Court finds that the state issues predominate in terms of the comprehensiveness of the remedy sought. There is a real likelihood of jury confusion in treating these divergent legal theories of relief. Therefore, the Court will dismiss the plaintiff's pendent state claims contained in count two and count five of plaintiff's amended complaint without prejudice to plaintiff's ability to file said counts in state court. *See Cancellier v. Federated Dept. Stores, supra.*

█ KID next argues that certain elements of damage alleged in plaintiff's complaint are improper and should not be considered in Title VII and ADEA actions. Specifically, KID points to plaintiff's allegations of physical, mental and emotional distress; embarrassment and humiliation; interest on monetary losses; and punitive damages, as all being improper elements of damage under the ADEA and Title VII.

It is well established that no emotional or punitive damages will be allowed under Title VII. *See Shah v. Mt. Zion Hospital & Medical Ctr.,* 642 F.2d 268 (9th Cir.1981). That same limitation also applies to ADEA claims; no emotional or punitive damages are allowed under the ADEA. *See Naton v. Bank of California,* 649 F.2d 691 (9th Cir.1981); *Murphy v. American Motors Sales Corp.,* 570 F.2d 1226 (5th Cir.1978); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d Cir.1977).

Under the above authority, the Court is compelled to grant KID's motion to dismiss the plaintiff's allegations of punitive damages; physical, emotional and mental distress; embarrassment and harassment. Therefore, those elements of damage listed above shall be stricken from plaintiff's amended complaint and, in addition, count four of plaintiff's amended complaint which contains plaintiff's punitive damages allegation shall be dismissed.

Under certain circumstances, pre-judgment interest on back pay awards has been awarded. *See Chapman v. Pacific T & T Co.,* 456 F.Supp. 77 (N.D.Cal.1978); *EEOC v. Pacific Press Publishing Ass'n,* 482 F.Supp. 1291 (N.D.Cal.1979). The Court will therefore not strike that request from plaintiff's complaint.

In accordance with the views expressed in this memorandum decision, IT IS HEREBY ORDERED:

1. That defendant's motion to dismiss on the ground that plaintiff's complaint is time-barred under the statute of limitations applicable to Title VII and the ADEA be, and the same is hereby, GRANTED IN PART AND DENIED IN PART, and paragraphs 5, 6, 8, 9, 10, 11, and 12 shall be dismissed from plaintiff's amended complaint although this finding does not preclude plaintiff from introducing properly admittable evidence concerning time-barred claims relevant to plaintiff's timely claim;

2. That defendant's motion to dismiss count four of plaintiff's amended complaint and strike all references to punitive damages; physical, emotional and mental damages; and embarrassment and humiliation damages, shall be, and the same is hereby, GRANTED;

3. That defendant's motion to dismiss counts two and five of plaintiff's amended complaint on the ground that the Court should refuse to exercise pendent jurisdiction over those claims, be, and the same is hereby, GRANTED; and

4. That plaintiff's motion to amend complaint be, and the same is hereby, GRANTED, with the plaintiff given leave to file an amended complaint consistent with this memorandum decision and order and containing no allegations not contained in the amended complaint lodged before this Court.