**Marjorie Ann WESCOTT, Plaintiff,**

v.

**The WACKENHUT CORPORATION, Defendant.**

**Civ. No. 83–130–T.**

United States District Court, S.D. California.

Sept. 22, 1983.

Joseph P. Mitts, San Diego, Cal., for plaintiff.

Andrew C. Peterson, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendant.

## ORDER

TURRENTINE, District Judge.

On September 19, 1983, the court heard oral argument on defendant's motion for partial summary judgment. Noting the similarity of grounds and supporting arguments between this motion and defendant's earlier motion to dismiss, the court treats the present motion as a motion to reconsider defendant's previous motion to dismiss.

Upon reconsideration of the submitted papers, the court concludes that the state law claims in this case constitute the "tail" which wags the federal "dog," and that an assertion of pendant jurisdiction over them would therefore be ill-advised.

It is a settled principle of law that it is appropriate to dismiss state law claims without prejudice if the state issues would predominate in terms of the comprehensiveness of the remedies sought in federal court. *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1318 (9th Cir. 1982); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Punitive and compen-

satory damages are available under the state common law claims which constitute the second and third counts of the present action, and under the Fair Employment and Housing Act claim contained in the first count. *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal.3d 211, 185 Cal. Rptr. 270, 649 P.2d 912 (1982). However, the relief available under Title VII of the federal Civil Rights Act is equitable in nature, including, inter alia, reinstatement and backpay, but not compensatory or exemplary damages. *E.E.O.C. v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir.1975), vacated and remanded on other grounds, 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977); see also *Johnson v. Railway Express Agency*, 421 U.S. 454, 458 n. 5, 461, 95 S.Ct. 1716, 1719 n. 5, 1720, 44 L.Ed.2d 295 (1973). The lion's share of the relief sought by the plaintiff in the instant case is available *only* under the state law claims. Therefore, an assertion of pendent jurisdiction over state claims which would predominate in the suit is inappropriate.

Moreover, the *Gibbs* standard sets forth only the minimum requirements for a constitutional exercise of pendent jurisdiction. The court must also determine that Congress has not expressly or by implication negated the exercise of pendent jurisdiction over a particular nonfederal claim. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 371–73, 98 S.Ct. 2396, 2401–02, 57 L.Ed.2d 274 (1978). It is dubious that Congress would consider an assertion of pendent jurisdiction over the state claims in this case to be proper, since Congress ruled out both compensatory and punitive damages in Title VII cases, as well as the availability of the jury trial which plaintiff has demanded on her state law claims. See *Curtis v. Loether*, 415 U.S. 189, 196–98, 94 S.Ct. 1005, 1009–10, 39 L.Ed.2d 260 (1974). Numerous courts have declined to admit the pendent state claims in circumstances such as these. See *Van Hoomissen v. Xerox*, 368 F.Supp. 829, 940 (N.D.Calif.1973); *Grohal v. Stauffer Chemical Co.*, 385 F.Supp. 1267, 1269 (N.D.Calif.1974); *Ferguson v. Mobil Oil Co.*, 443 F.Supp. 1334, 1340–42 (S.D.N.Y.

1978); *Lim v. Int'l Institute of Metro. Detroit*, 510 F.Supp. 722, 724–26 (E.D. Mich.1981); *Bennett v. Southern Marine Management*, 531 F.Supp. 115, 117–18 (M.D.Fla.1982); *Frye v. Pioneer Logging Machinery*, 555 F.Supp. 730, 734–35 (D.S. C.1983); *James v. Kid Broadcasting Co.*, 559 F.Supp. 1153, 1155–57 (D.Idaho 1983).

ACCORDINGLY, IT IS ORDERED that the California Fair Employment and Housing Act claim in the plaintiff's First Cause of Action and the Second and Third Causes of Action are DISMISSED for want of jurisdiction.