Phyllis GLEASON, Plaintiff,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WELD; Chuck Carlson, John T. Martin, Norman Carlson, Gene Brantner, and Jacqueline Johnson, in their capacity as members of the Board of County Commissioners; and Dr. Ralph Wooley, Defendants.

Civ. A. No. 83–K–2438.

United States District Court, D. Colorado.

Nov. 20, 1984.

Henry C. Frey, Greeley, Colo., for plaintiff.

Thomas O. David, Weld County Atty., Greeley, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This civil rights action was brought pursuant to 42 U.S.C. § 1983 by a nurse at Weld County Health Department alleging that the Board of County Commissioners and Dr. Wooley, the director of the Weld County Health Department, deprived her of due process rights under the Fourteenth Amendment to the United States Constitution by dismissing her in violation of established provisions of the Weld County Personnel Policy Manual.[1] Plaintiff also asserts three state law claims and alleges that this court has jurisdiction over such claims based upon the doctrine of pendent jurisdiction.

The three state law claims are based upon a miscellany of legal theories which have recently arisen in the area of employee discharge cases. These claims are: alleged breach of an express or implied contract arising under the provisions of the Weld County Personnel Policy Manual; alleged breach of implied covenant of good faith and fair dealing arising under the policy manual; and wrongful discharge for termination in tortious violation of the procedures set forth in the policy manual.

Defendants have moved to dismiss both the federal and state claims. They argue that the policy manual does not constitute an expressed or implied contract which gives rise to an enforceable right. Also, defendants assert that the tort of wrongful discharge is limited to specific circumstances which are not present in this case. Finally, they attack the section 1983 claim, contending that plaintiff has no property interest in continued employment as director of the health department. Because I decline to exercise jurisdiction over the pendent state claims, the need to respond to defendants' arguments is obviated.

## PENDENT CLAIM JURISDICTION

As noted in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a federal court may exercise pendent jurisdiction of the state claim if the federal claim is "substantial," if the state claim arises out of the same "nucleus of operative facts" as does the federal claim, and if the nature of the claim is so related that a plaintiff would ordinarily be expected to try all claims in the same proceeding. Plaintiff's state claims have met the three prongs of the *Gibbs* threshold test.

Assuming power to adjudicate, the Supreme Court, in *Gibbs*, identified several

---

1. The particular provisions which plaintiff relies upon are:

Section 9.2, which requires that disciplinary actions are to be corrective in nature whenever possible, and

Section 9.2.2 which states that disciplinary action is to be for "cause."

Section 9.2.3 which defines "cause" and sets forth the grounds for disciplinary action.

Section 9.3 *et seq.* which provide that warnings shall precede the exercise of disciplinary action and that whenever possible sufficient time for improvement of conduct should precede further discipline.

Section 9.3.6 which provides that an employee may be placed on probation for a six month period for cause after being notified in writing.

Section 2.11.1 which provides that a counselling form must be used to document reprimands.

factors which must be considered in deciding whether to exercise pendent jurisdiction. The factor which applies to the case at bar is that discretion to dismiss state claims should be exercised when a "surer-footed" reading of the applicable state law can be obtained in the state court. *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139. As a matter of comity, unsettled areas of state law are best left to state courts for resolution and refinement. *Id.*

In this case, abstention is appropriate because the Colorado law on employee discharge claims founded upon contract or tort theories is unsettled and in an early stage of development.[2] In *Salimi v. Farmers Insurance Group,* 684 P.2d 264 (Colo.App.1984), the court acknowledged that an employer's distribution to employees of policy manuals which contain specific procedures may result in the employer becoming contractually bound by these procedures. However, the Colorado courts have not decided whether an employee manual may provide a "good cause" exception to the rule that an indefinite general hiring is terminable at will. *See Corbin v. Sinclair Marketing,* 684 P.2d 265 (Colo. App.1984) (expressly declining to address this issue because the complaint did not contain sufficient allegations).

In addition to requesting interpretation in an unsettled area of state law, plaintiff asks that I expand employee rights in Colorado by reading into employment contracts an implied duty to terminate in good faith. Further, plaintiff asks that I expand the tort of wrongful discharge ennunciated in *Lampe v. Presbyterian Medical Center,* 590 P.2d 513 (Colo.App.1978) to include situations where violations of employer manual procedures occur.[3]

Because of the newly-developed modifications on the long-standing employment at will doctrine and because of the split of authority among other courts, I find that

the issues raised by the pendent claims should be addressed first by the Colorado state courts. It is not my province to expand the tort law of Colorado. Property interests are not limited by rigid or technical definitional forms but rather are shaped by state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Thus, I decline to exercise jurisdiction over plaintiff's three state claims. The state law claims are dismissed.

Accordingly, IT IS ORDERED that the plaintiff's claims for breach of implied and express contract, breach of implied covenant of good faith and fair dealing and tort action for wrongful discharge are dismissed. The motion to dismiss the section 1983 claim is denied.

---

2. *See Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279 (Colo.1984) for a discussion of the current state of the law in Colorado in employment discharge cases.

3. In *Lampe,* the court held that under special circumstances or with an express stipulation as to the duration of employment, a cause of action under the tort of wrongful discharge may exist. *Id.* at 514.