**Joette NYSTUL, Plaintiff,**

v.

**NORTHWESTERN TELEPHONE SYSTEMS, INC., and Pacific Telecom, Inc., Defendants.**

**No. CV 84–220–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Dec. 10, 1985.

Ann C. German, Keller & German, Libby, Mont., for plaintiff.

C. Eugene Phillips, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., Pamela Jacklin, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for defendants.

## OPINION AND ORDER

LOVELL, District Judge.

Plaintiff instituted this action against her former employers pursuant to Title VII of the Civil Rights Act of 1964. The complaint alleges unlawful employment practices which have discriminated against plaintiff on the basis of her sex. There are three counts alleged in the complaint. Count one is based on Title VII, 42 U.S.C. § 2000(e) et seq. Counts two and three are based on claims of state law, including violation of the covenant of good faith and fair dealing in employment relations and violation of public policy as embodied in the constitution and laws of the state of Montana. Under consideration are defendants' two motions to dismiss. The first is a motion to dismiss the Title VII claim which is denied for failure to submit briefs as required by Rule 220–1 of the Local Rules for the District of Montana. The second is a motion to dismiss the second and third claims for lack of jurisdiction.

Jurisdiction is not based on diversity; rather, plaintiff asserts federal question jurisdiction over the Title VII claim, and pendent jurisdiction over the state claims. Defendants, on the other hand, maintain that this court does not have pendent jurisdiction, and in any event that it should not choose in its discretion to exercise such jurisdiction.

The leading case regarding pendent jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* set forth three requirements the court must find to exercise pendent jurisdiction: (1) the federal claims must be substantial and not frivolous; (2) the federal and state claims must arise out of a common nucleus of operative fact; (3) the claims must be such that the plaintiff would ordinarily be expected to try them together. The Ninth Circuit has restated these rules and relies on them to this date. *Carreras v. City of Anaheim*, 768 F.2d 1039, 1042 (9th Cir.1985). The doctrine of pendent jurisdiction has been held to be one of discretion, not of power, as long as the federal claims are substantial enough to confer subject matter jurisdiction on the federal court. *Wren v. Sletten Construction Company*, 654 F.2d 529 (9th Cir.1981). As such, the determination of whether to exercise jurisdiction over pendent state claims is within the discretion of the district court, and the court is not required to exercise such jurisdiction. *Securities Investor Protection Corporation v. Vigman*, 764 F.2d 1309, 1318 (9th Cir.1985).

The three requirements set forth in *Gibbs* are not the exclusive test for exercis-

ing pendent jurisdiction. Those three requirements comprise the elements of the first of two tests which the court must determine before exercising jurisdiction. *Gibbs* sets forth the issue of whether the court has power to hear the pendent state claims. Once having determined that it does have such power, the court must examine "the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated the exercise of jurisdiction over the particular non-federal claim.'" *Mongeon v. Shellcraft Industries, Inc.,* 590 F.Supp. 956, 957 (D.Vt.1984), *citing Owen Equipment and Erection Company v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). *Kroger* focuses on the question of whether the court in its discretion *should* exercise pendent jurisdiction. In this case, the parties' briefs concentrate on the status of Montana employment discrimination law. As discussed below, this is one important factor for consideration but is not the sole critical point of contention.

*Kroger* has been cited extensively on the question of pendent jurisdiction in the context of Title VII actions. There is a split of authority as to whether pendent jurisdiction should be exercised in Title VII cases. Of those cases involving state law claims appended either to Title VII actions or to similar actions brought under the Age Discrimination in Employment Act (ADEA), at least eleven district courts have held against exercising pendent jurisdiction and have dismissed the state law claims.

A representative case is *Frye v. Pioneer Logging Machinery Inc.,* 555 F.Supp 730 (D.S.C.1983). This was an action against a former employer for failure to reinstate the plaintiff after she had taken a maternity leave of absence. The plaintiff sued under Title VII, and also asserted four state law claims, including tortious interference with contract, breach of oral contracts, and intentional infliction of emotional distress. The court found the *Gibbs* test to be satisfied—the federal claim was of sufficient substance to confer federal jurisdiction and

the state and federal claims arose out of the same nucleus of operative fact, "if only in the sense that the claims derive from the failure or refusal to reemploy plaintiff after her maternity leave." 555 F.Supp at 732.

The *Frye* court then cited *Kroger* for the rule that the federal courts must consider whether the statutory grant of federal jurisdiction, either expressly or by implication, excludes the state claim from federal jurisdiction. Citing *Jong-Yul Lim v. International Institute of Metropolitan Detroit,* 510 F.Supp 722 (E.D.Mich.1981), the court stated that the relief Congress has provided under Title VII is equitable in nature, including only reinstatement and back pay. Therefore, the statutory exclusion of legal remedies under Title VII reveals a congressional desire to restrict the type of relief awarded in discrimination claims brought under the statute. The court thus concluded that joinder of state law claims, under which a plaintiff might be entitled to compensatory and punitive damages, would directly conflict with congressional intent of limited relief.

Joinder of state claims also defeats the purpose of Title VII to expedite claims. The *Frye* court cited *Gibbs* for the principle that discretion to dismiss pendent claims should be exercised when (1) divergent state or federal theories of relief are likely to cause jury confusion; (2) the state issues are found to predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; (3) a surer-footed reading of the applicable law can be obtained in state court; or (4) considerations of judicial economy, convenience, and fairness to the litigants are not present. *Id,* at 735. The court thus held that the plaintiff's pendent claims must be dismissed because the court is without power to hear them and, assuming the existence of such power, the court as a matter of discretion would decline to exercise such jurisdiction. All claims except the Title VII claims were dismissed without prejudice.

Other courts have applied a similar rationale. One district court noted that the Ninth Circuit Court of Appeals has not directly considered the issue.[1] *James v. KID Broadcasting Corp.*, 559 F.Supp. 1153 (D.Idaho 1983). The *James* court cited *Cancellier v. Federated Department Stores*, 672 F.2d 1312 (1982), where the Ninth Circuit "commented on the problem". In *Cancellier*, the plaintiff prevailed at trial on ADEA and pendent state law claims. The Ninth Circuit upheld the award of punitive and emotional distress damages, stating that there was no double recovery. The court questioned the wisdom of allowing open-ended state law claims to coexist with limited ADEA claims, but said it was for Congress to decide. The court stated that dismissal of pendent claims is proper in some circumstances, such as where the trial judge finds that state issues predominate in terms of the comprehensiveness of the remedy sought, or that there is a sufficient likelihood of jury confusion in treating divergent legal theories of relief to justify separating state and federal claims.

In *Wescott v. Wackenhut Corporation*, 581 F.Supp 9 (S.D.Cal.1983) the court concluded "that the state law claims ... constitute the 'tail' which wags the federal 'dog', and that an assertion of pendent jurisdiction over them would be ill-advised." The court noted that the *Gibbs* standard sets forth only the minimum requirements for exercise of pendent jurisdiction, and that it must also determine that Congress has not negated the exercise of pendent jurisdiction over a particular non-federal claim. The court stated that the lion's share of relief sought by the plaintiff is available only under the state law claims. "It is dubious that Congress would consider an assertion of pendent jurisdiction over the state claims in this case to be proper, since Congress ruled out both compensatory and punitive damages in Title VII cases, as well as the availability of the jury trial which plaintiff has demanded on her state

law claims." *Id*, at 10. The court thus dismissed the pendent state claims.

Other factors which have been considered by courts applying a similar analysis include the injection of substantial new issues into the proceedings, *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168 (E.D.Mich, 1978), and the unsettled nature of state law in the area of employee discharge. *Gleason v. Board of County Commissioners*, 596 F.Supp. 1561 (D.Colo. 1984). Overall, the courts stress that entertaining claims of state law contravenes federal policy as manifested in Title VII, and that exercise of pendent jurisdiction would conflict with and detract from the procedural and remedial scheme enacted by Congress. *Bennett v. Southern Marine Management Co.*, 531 F.Supp. 115 (M.D. Fla.1982); *Hoferek v. University of Missouri*, 604 F.Supp. 938 (W.D.Mo.1985); *Ritter v. Colorado Interstate Gas Co.*, 593 F.Supp. 1279 (D.Colo.1984); *Thibodeau v. Foremost Insurance Co.*, 605 F.Supp. 653 (N.D.Ind.1985).

Authority to the contrary is scant, although a few courts have held that pendent jurisdiction will be exercised in the interests of judicial economy and fairness to the litigants. *Goodman v. Bd. of Trustees, Etc.*, 511 F.Supp. 602 (N.D.Ill.1981); *see also, Lopez v. Bulova Watch Co., Inc.*, 582 F.Supp. 755 (D.R.I.1984). A better reasoned decision is *Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521, 524 (D.N.J. 1981), where the court held that as long as other considerations of fairness and convenience weigh in favor of pendent jurisdiction, there is no reason why a federal court should refuse pendent jurisdiction simply because state law provides remedies above and beyond those provided by Congress.

■ In this case, I find the weight of authority to be persuasive. Consideration of the federal and state issues together would lead to jury confusion and could only cause more delay in the case, contrary to

---

**1.** The recent decision in *DeHorney v. Bank of America*, 777 F.2d 440 (9th Cir.1985), a race discrimination in employment action which involved state law claims of wrongful discharge and violation of the covenant of good faith and fair dealing, sheds no light on this issue, as pendent jurisdiction apparently was never raised as an issue in the case.

the express policy of Title VII. Moreover, employment discrimination law in Montana is largely a creature of judicial evolution, and a surer-footed reading of the law can be obtained in state court. In view of these considerations, the court

HEREBY ORDERS that Counts Two and Three of plaintiff's complaint are DISMISSED without prejudice to refile in state court.

IT IS FURTHER ORDERED that defendants' motion to dismiss Count One of the complaint is DENIED.