**Alphonso MATTHEWS, Plaintiff,**

v.

**NORTH SLOPE BOROUGH, Defendant.**

**No. A84–581 CIV.**

United States District Court,
D. Alaska.

Oct. 23, 1986.

944

M. Ashley Dickerson, Anchorage, Alaska, for plaintiff.

David R. Weber, Barrow, Alaska, David Shimek, Anchorage, Alaska, for defendant.

## DECISION AND ORDER ON PENDING MOTIONS

KLEINFELD, District Judge.

This is a Title VII wrongful discharge case.

Mr. Matthews has filed a complaint of eight claims. The first claim alleges racial discrimination in violation of 42 U.S.C. § 2000e–2. The third claim alleges retaliatory action in violation of 42 U.S.C. § 2000e–3. The remaining five claims allege violations of Alaska state statutes, breach of contract, and intentional infliction of emotional distress.

### State Law Claims

This court has federal question jurisdiction of the first and third claims. 28 U.S.C. § 1331. The remaining claims arise out of a "common nucleus of operative fact," so the court may exercise jurisdiction, but whether to exercise jurisdiction over the state claims is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The defendant employer has counterclaimed, alleging breach of his contractual obligations regarding his employment, over which this court also has discretionary pendent jurisdiction.

■ The Supreme Court said in *United Mine Workers* that if judicial economy, convenience, and fairness to litigants are not present, then a federal district court "should hesitate to exercise jurisdiction over state claims." *Id.* 726, 86 S.Ct. 1139. A federal court should avoid needless decisions of state law, and should dismiss the state claims without prejudice to their resolution in state tribunals, "if it appears that the state issues substantially predominate." *Id.* 726, 86 S.Ct. 1139. The Ninth Circuit, following *United Mine Workers*, suggested that dismissal without prejudice was proper where "state issues predominate" or "there is a sufficient likelihood of jury confusion in treating divergent legal theories" to justify separating the claims. *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1318 (9th Cir.1982).

In a case somewhat analogous to the one at bar, but involving age rather than race discrimination, another district court in the Ninth Circuit dismissed the state claims. *James v. Kid Broadcasting Corp.*, 559 F.Supp. 1153 (D.Idaho 1983). Similarly, *Nystul v. Northwestern Telephone Systems, Inc.*, 623 F.Supp. 494 (D.C.Mont. 1985) dismissed the state claims in a sex discrimination case, mentioning the important consideration that "joinder of state claims also defeats the purpose of Title 7 to expedite claims." Id. at 496.

■ Alaska state law regarding wrongful discharge differs from federal law. It is quite possible for a discharge to be wrongful under state but not federal law. A judge-tried wrongful discharge case involving allegations of racial discrimination, such as this one, can be tried quickly, and can therefore be calendared for a trial about as quickly as the parties can prepare for trial. Jury trial of the state claims is necessarily much more time consuming, requiring at a minimum a doubling of the length of trial. This has the consequence of leaving the court with no alternative but to delay trial for a substantially longer period, in order to find a long enough gap in the trial calendar. Congress has commanded that Title VII civil rights cases be heard "at the earliest practicable date" and has further instructed that the judge should "cause the case to be in every way expedited." 42 U.S.C. § 2000e–5(f)(5). Compliance with the statutory commands requires simplification of the litigation by dismissing the pendent state claims, in a factual context such as the one at bar.

The criteria for declining pendent jurisdiction articulated in *United Mine Workers* and *Cancellier* are amply met in this case. State issues will predominate in the comprehensiveness of the remedy sought, and there is a high likelihood of jury confusion because of the divergent legal theories for the state and federal claims. State issues will also predominate in terms of amount of time devoted to them and scope of the issues, and there is a substantial likelihood that in the course of ruling on motions and drafting instructions, this court would have to decide questions of state law which have not yet been decided by the state supreme court.

Dismissal without prejudice of the state claims is consistent with convenience of the litigants and fairness to the litigants. With the state claims dismissed, trial can be shorter, simpler and sooner. Discovery can be more limited, because of the narrower scope of issues to be litigated. Attorneys' fees and expenses can accordingly be lower.

A factor that would cut the other way would be a high likelihood of two trials, one in federal court and subsequently another in state court, regarding the same discharge. As a practical matter, however, that does not seem very likely. The plaintiff says in his reply memorandum filed October 14 that the federal claim "is the one of most significance." The plaintiff has alleged that he was discriminated against because of his race. The federal litigation will answer the question of whether that is so. Once the witnesses have testified and a decision has been made in the federal case, it is not very likely as a practical matter that the parties will find it worthwhile to retry the dismissal in state court, both because of possible res judicata implications of the federal decision, and also because the unsuccessful party will have observed how the evidence came out and how it sounded to the trier of fact.

### Jury Trial

■ Plaintiff demanded jury trial, but concedes that there is no right to jury trial in Title VII actions. *Slack v. Havens*, 522 F.2d 1091, 1094 (9th Cir.1975). In his brief filed October 3, plaintiff seems to be attempting to withdraw his demand for jury trial. The defendant municipality, in its October 14 reply brief, refuses to stipulate to a waiver of its right to trial by jury. Plaintiff, of course, has no right to withdraw his jury demand unilaterally, since defendant was entitled to rely upon it. Federal Rules of Civil Procedure 38(d), 39(a)(1). The state law claims and counterclaims are being dismissed without prejudice, and they are the only claims for which there is a right to trial by jury. Pursuant to Federal Rule of Civil Procedure 39(a)(2), and in accord with the positions taken by the parties, the federal issues will be tried by the court without a jury.

### Venue

The plaintiff filed this case in Anchorage. Defendants have moved for a change of venue to Fairbanks.

■ Congress has set up Alaska as one judicial district, without divisions, and has required that court be held both in Anchorage and in Fairbanks:

Alaska constitutes one judicial district. Court shall be held at Anchorage, Fairbanks, Juneau, Ketchikan, and Nome. 28 U.S.C. § 81(A).

For transfers within a district which has no divisions, the applicable venue statute is 28 U.S.C. § 1404(c):

A district court may order any civil action to be tried at any place within the division in which it is pending.

The language of subsection (c) differs from the language of 28 U.S.C. § 1404(a), governing changes of venue between divisions or districts. The court may exercise discretion to designate one of the statutory locations as a place of trial, even though the case was filed in another location. *El Ranco, Inc. v. First National Bank*, 406 F.2d 1205, 1219 (9th Cir.1968), *cert. denied* 396 U.S. 875, 90 S.Ct. 150, 24 L.Ed.2d 133 (1969). The cases according deference to the plaintiff's choice of venue are almost

universally decided under § 1404(a), not § 1404(c).

Anchorage is in the southcentral part of Alaska, Fairbanks is some hundreds of miles north of Anchorage, and Barrow is hundreds of miles north of Fairbanks. By commercial airplane, Fairbanks is 50 minutes north of Anchorage, and Barrow is 2½ hours north of Fairbanks.

The plaintiff's witness list includes himself and his wife, residing in Barrow, another witness in Barrow, two Anchorage witnesses and two Virginia witnesses. One of the two witnesses listed with an Anchorage address may not actually be in Anchorage; neither plaintiff nor defendant has been able to find him.

Plaintiff's claim arises out of his employment in Barrow. The events occurred there. Defendant is a municipality with its offices, files, and personnel in Barrow.

The defendant has listed 17 witnesses who work or live in Barrow, and three Anchorage witnesses, two of whom defendant stated it would probably not call if the pendent state claims were dismissed. Defendant states that it will save several thousand dollars in air fares if it can try the case in Fairbanks instead of Anchorage, as well as reducing the burdens of travel on the witnesses.

While it is unlikely that the defendant municipality will actually call, or that the court will allow cumulative testimony from all of the witnesses listed, the court may nevertheless expect that in a wrongful discharge case such as this, the defendant will have to call several witnesses, most from Barrow. In these factual circumstances, justice can best be served and the least inconvenience imposed on parties and witnesses by trying this case in Fairbanks, because of its greater proximity to Barrow.

### *Motion for Protective Order*

The plaintiff filed on September 12 a motion to compel discovery. Defendant moved for protective order against discovery which plaintiff sought, and for attorneys' fees. The plaintiff then withdrew his motion to compel, for the reason that counsel were working out their discovery differences privately. In this procedural context, it is not clear what the defendant would have the court protect against. Neither counsel has complied with General Rule 5(E)(1) of the Local Rules, and plaintiff has withdrawn his noncomplying motion, so it would not be appropriate to award costs and attorneys' fees to defendant.

Accordingly, IT IS ORDERED that:

(1) The second, fourth, fifth, sixth and seventh claims for relief of the plaintiff, and the counterclaims of the defendant, are dismissed, without prejudice to their being filed in state court;

(2) Plaintiff's motion to dismiss defendant's counterclaims on the merits is denied;

(3) This case will be tried by the court without a jury;

(4) Trial shall take place in Fairbanks, Alaska, on the date previously set;

(5) Defendant's motion for protective order and attorneys' fees is denied.