UNITED STATES of America et al., Plaintiff,

v.

Stanley C. RYBACHEK and, Rosalie A. Rybachek, Defendants.

No. A86–009 CIV.

United States District Court, D. Alaska.

Sept. 19, 1986.

---

Michael R. Spaan, U.S. Atty., Anchorage, Alaska, James L. Nicoll, Jr., U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Enforcement Section, Washington, D.C., for the U.S.

Stanley C. and Rosalie A. Rybachek, in pro. per.

---

## ORDER—PLACE OF TRIAL

KLEINFELD, District Judge.

This is a Clean Water Act civil action by the United States against a husband and wife who mine gold. The government filed the case in Anchorage, although the miners live in a suburb of Fairbanks, 365 miles north of Anchorage, and mine near Livengood, 81 miles north of Fairbanks. The miners have moved for a change of venue to Fairbanks.

The miners appear pro se, and are not attorneys.

Both parties have argued this motion for change of venue as though it were a 28 U.S.C. sec. 1404(a) motion. It is not. That section applies only to motions for transfer to another district or division. The statute for Alaska provides:

Alaska constitutes one judicial district. Court shall be held at Anchorage, Fairbanks, Juneau, Ketchikan, and Nome. 28 U.S.C. sec. 81A

The statute, unlike those for a number of other districts, does not subdivide the district into divisions.

The appropriate section is 1404(c). Subsection (c) applies to transfers within the District of Alaska.

A district court may order any civil action to be tried at any place within the division in which it is pending.

The reference to "division" is confusing for districts without statutory divisions. But the Ninth Circuit has long since dissipated any confusion by its decision in *El Ranco, Inc. v. First National Bank,* 406 F.2d 1205 (9th Cir.1969), cert. den. 396 U.S. 875, 90 S.Ct. 150, 154, 24 L.Ed.2d 133. That decision held that in the District of Nevada, with statutory language materially identical to the wording for Alaska, without divisions, the court had discretion to order that an action filed in Las Vegas be tried in Carson City.

The Rybacheks' arguments regarding convenience of witnesses and burdens upon themselves are by and large persuasive, although I have granted the government's motion for leave to file a supplemental brief and studied all of the government's briefs.

There is a genuine risk of oppressive litigation tactics, if miners from Interior Alaska are forced to travel hundreds of miles to Anchorage for hearings, status and calendaring conferences, trial, and other proceedings. The government may be able to use the location of proceedings as leverage to force unreasonable settlements, by putting the expense of litigation beyond what is economically practical for the miners. This order does not find or imply that the government has engaged in such tactics; it is a prophylactic measure to avoid the risk, and to achieve justice in the factual circumstances of this particular case.

This is not an issue to be resolved by examination of the particular gold miners' financial statements. Even a very wealthy individual will not spend amounts on litigation disproportionate to the stakes, and will instead accede to an unjust settlement which will avoid disproportionate litigation costs.

The government has offered little more than rebuttal of details in the Rybachek memoranda, without presenting any persuasive affirmative reason why proceedings should be in Anchorage; indeed, the government admits that its witnesses will travel from Seattle, and are not located in Anchorage. For them, trial in Fairbanks involves little more inconvenience than trial in Anchorage.

IT IS HEREBY ORDERED that this cause be transferred for trial and all other purposes to Fairbanks.