**Jessie B. HANCOCK, Plaintiff,**

v.

**DELTA AIR LINES, INC., Defendant and Third–Party Plaintiff,**

v.

**HUDSON AVIATION SERVICES, INC., Third–Party Defendant.**

**Civ. No. 92–0009–B.**

United States District Court,
D. Maine.

June 29, 1992.

Edward Gould, Daniel Pileggi, Gross, Minsky, Mogul & Singal, Bangor, Me., for plaintiff.

Nathaniel Rosenblatt, Mitchell & Stearns, Bangor, Me., for defendant/third party plaintiff.

David King, Rudman & Winchell, Bangor, Me., Mark Dombroff, Dane Jaques, Katten, Muchin, Zavis & Dombroff, Washington, D.C., for third party defendant.

### AMENDED ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

This Matter is before the Court on Third-Party Defendant Hudson Aviation Services' ("Hudson") motion to dismiss and Defendant Delta Air Lines' ("Delta") motion to transfer.

## I. MOTION TO DISMISS

Hudson moves to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). Under Maine's long-arm statute, 14 M.R.S.A. 704–A, the jurisdictional reach of the Court in this case is coextensive with the permissible exercise of personal jurisdiction under the due process clause of the United States Constitution. *See Tyson v. Whitaker & Son, Inc.,* 407 A.2d 1, 3 (Me. 1979).

The "constitutional touchstone" of personal jurisdiction is whether the defendant "purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). For either specific or general jurisdiction to exist, "it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *United Electrical, Radio*

*and Machine Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992) (quoting *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958) (discussing "purposeful availment"). "Second, if such contacts exist, the exercise of jurisdiction over the defendant must comport with 'fair play and substantial justice.'" *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir.1990) (citing *Burger King*, 471 U.S. at 476, 105 S.Ct. at 2184).

The party challenging personal jurisdiction bears the burden "of proving the facts upon which the existence of jurisdiction depends." *United Electrical*, 960 F.2d at 1090. Delta contends that it has met this burden by showing that Hudson's provision of skycap services to Delta's passengers at Logan Airport in Boston necessarily brings Hudson's employees into regular and purposeful contact with passengers travelling to and from Maine. Delta contends, therefore, that Hudson's performance of its contractual obligations created a situation in which Hudson had the requisite contacts with the State of Maine for the Court to assert jurisdiction. The Court disagrees.

Hudson is a Massachusetts corporation with its principal place of business in Boston, Massachusetts. Hudson has no corporate presence in Maine, no assets in Maine, no employees in Maine and does not solicit business in Maine. Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. The parties contracted for the provision of skycap services at Logan Airport in Boston, Massachusetts. Both the alleged harm and the conduct in question occurred in Massachusetts.

Although the provision of skycap services undoubtedly brings Hudson's skycaps into contact with persons coming to or from Maine, some of whom, like the plaintiff, are Maine residents, these "contacts" are insufficient, in and of themselves, to give rise to personal jurisdiction. Hudson's contacts with Maine were not such that Hudson should have reasonably anticipated

being subject to the jurisdiction of the Maine courts.

## II. MOTION TO TRANSFER

In the alternative, Delta seeks to transfer this action from Bangor to Portland. Defendant contends that such a transfer will permit the Court to exercise personal jurisdiction over Hudson by virtue of the 100 mile "bulge" provision of Fed.R.Civ.P. 4(f).

Pursuant to 28 U.S.C. § 1404(c) the Court may order a civil case to be "tried at any place within the division[1] in which it is pending." The decision to grant such a request rests upon the discretion of the Court. *See United States v. Rybachek*, 643 F.Supp. 1086 (D.Alaska 1986). Given the obvious inconvenience that would accrue to the Plaintiff if the case were transferred to Portland, the Court declines to exercise such discretion.

## III. CONCLUSION

Accordingly, Defendant's motion to transfer is DENIED. Third–Party Defendant's Motion to dismiss the third-party complaint is GRANTED.

SO ORDERED.

---

**1.** Maine constitutes one judicial district and is not divided into divisions. *See* 28 U.S.C. § 99; Note to Local Rule 2.