73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Margaret R. GROSSMAN and C. Kristina Gunsalus,
Plaintiffs/Counter-Defendants/Appellees,
and
David R. Purnell, Plaintiff/Appellee,
v.
Winston I. SMART, Defendant/Counter-Plaintiff/Appellant,
v.
C. Allen BOCK, Third Party Defendant/Appellee.
 No. 95-1178.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 29, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Appellant Winston I. Smart, pro se, was sued at Danville/Urbana within the Central District of Illinois. When the assigned judge recused himself, the suit was transferred to Chief Judge Mihm at Peoria. Trial at Peoria was postponed several times. Finally, Judge Mihm suggested holding trial back in Urbana. The site of the trial was changed over Smart's objections. After we denied Smart's petition for a writ of mandamus to block what he termed a change of venue, trial began at Urbana. Smart refused to participate in jury selection, made no opening statement after the court refused to let him address the question of venue, and then failed to return to court following the noon recess. The district court granted judgment as a matter of law to plaintiffs, which it subsequently modified to a default judgment; dismissed Smart's counterclaims with prejudice for failure to prosecute; and submitted the issue of damages to the jury. Back at Peoria, the court subsequently denied Smart's motions under Fed.R.Civ.P. 55(c) and 60(b) for relief from the default judgment.[1] Smart now appeals the district court's judgment. We affirm.
 
 
 2
 Smart argues that the federal change of venue statute, under which "[a] district court may order any civil action to be tried at any place within the division in which it is pending," prevents the court from transferring the trial to a different division. 28 U.S.C. Sec. 1404(c) (emphasis added). Accordingly, Smart maintains, the court lacked jurisdiction to transfer the case from the "Peoria Division," to the "Danville/Urbana Division" for trial, and back again. He is wrong.
 
 
 3
 The Central District of Illinois lacks statutory divisions. 28 U.S.C. Sec. 93(b). Its geographical subdivisions are purely administrative. Local Rule 1.5. Where a district lacks statutory divisions, courts have discretion under Sec. 1404(c) to select any designated location within the district as the place of trial. El Ranco, Inc. v. First Nat'l Bank of Nevada, 406 F.2d 1205, 1219 (9th Cir.1968),[2] cert. denied, 396 U.S. 875 (1969); Hancock v. Delta Air Lines, Inc., 793 F.Supp. 366, 368 (D.Me.1992); United States v. Rybachek, 643 F.Supp. 1086, 1087 (D.Alaska 1986). Urbana is one of the designated sites in the Central District. 28 U.S.C. Sec. 93(b).
 
 
 4
 We look to the transfer requirements of 28 U.S.C. Sec. 1404(a) in assessing the court's exercise of discretion. See Aramburu v. Boeing Co., 896 F.Supp. 1063, 1064 (D.Kan.1995); Hancock, 793 F.Supp. at 368; Matthews v. North Slope Borough, 646 F.Supp. 943, 945-46 (D.Alaska 1986). These requirements include the convenience of parties and witnesses, Heller Financial Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir.1989), and the interest of justice, meaning the efficient administration of the court system. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir.1986); 28 U.S.C. Sec. 1404(a). In the case before us, the plaintiffs, third party defendant, and several witnesses scheduled to testify at trial lived or worked in Urbana. Because Smart was travelling from Wisconsin, it appears that the only person likely to be inconvenienced by the change of location was Chief Judge Mihm, who ordinarily sits in Peoria. Because Urbana was simply the designated site for trial under Sec. 1404(c), no change in venue or transfer of jurisdiction from Peoria occurred. Accordingly, post-trial proceedings appropriately reverted to Peoria. The intra-district change of the site of the trial was jurisdictionally proper, and not an abuse of discretion.
 
 
 5
 Smart also claims that the district court improperly imposed a default judgment without notice and a hearing. We disagree. Trial courts have the inherent power to impose default as a sanction where a litigant interferes with the efficient administration of justice. Smith v. C.I.R., 926 F.2d 1470, 1475 (6th Cir.1990). This includes failure to defend by not appearing at trial. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 918 (3d Cir.1992). Smart's unannounced departure and subsequent failure to reappear, after a jury was seated and opening arguments made, was willful, bad faith conduct. It is precisely the sort of extreme abuse which warrants an entry of default. Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 64 (2d Cir.1986).
 
 
 6
 The absence of notice and a hearing does not automatically offend due process. See Bull v. City of Chicago, 2 F.3d 752, 756 (7th Cir.1993). And the notice requirement of Fed.R.Civ.P. 55(b)(2) "does not apply where, as here, there is no motion for default pending and where the court has, on its own motion, found a party to be in default for failure to appear." Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 692 (1st Cir.1993); Annilina Fabrique de Colorants v. Aakash Chemicals, 856 F.2d 873, 877 (7th Cir.1988). Accordingly, we find the entry of default proper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant Smart filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Smart has not appealed the court's denial of his motions for relief. Because he also fails to contest the dismissal of his counterclaim in his brief to this court, we deem the issue abandoned on appeal. Cf. United States v. Shorter, 54 F.3d 1248, 1256 n. 19 (7th Cir.1995); Fed.R.App.P. 28(a)(6)
 
 
 [2]
 El Ranco implies that divisions created by rule may affect the application of the venue statute. 406 F.2d at 1219. We disagree. A local administrative rule cannot effectively amend a federal statute