**Wayne P. HODGDON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil No. 95–117–P–C.**

United States District Court,
D. Maine.

Jan. 29, 1996.

Kevin Donius, Latti Associates, Boston, MA, John M. Shortill, Shortill & Shortill, Sanford, ME, for Plaintiff.

R. Scott Blaze, U.S. Department of Justice, Civil Division, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

Plaintiff Wayne P. Hodgdon sues Defendant United States of America, the alleged insurer of judgment debtor PWC Engineering, Inc. ("PWC"), for $400,000 under the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.* (1987). Now before this Court is Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 5) ("Defendant's Motion to Dismiss"). Plaintiff Hodgdon opposes Defendant's motion. Plaintiff's Opposition to Defendant's Motion to Dismiss or for Summary Judgment (Docket No. 9) ("Plaintiff's Opposition"). For the reasons stated below, Defendant's Motion to Dismiss will be granted for lack of subject matter jurisdiction.

### I. STANDARD FOR DISMISSAL

When a party challenges under Fed.R.Civ.P. 12(b)(1) the very existence of subject matter jurisdiction rather than the mere facial sufficiency of the complaint, the burden of proving jurisdiction rests on the pleader. *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 226 (1990). In such a case, the court does not draw inferences favorably to the pleader but should consider any material outside the pleadings submitted by the pleader and the movant. *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), *overruled on other grounds, Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Cloutier v. Town of Epping,* 547 F.Supp. 1232, 1239 (D.N.H.1982), *aff'd,* 714 F.2d 1184 (1st Cir.1983); 5A Wright & Miller, *supra,* § 1350, at 211–13. The court lacks subject matter jurisdiction over a suit against the United States if the plaintiff fails to meet the requirements of whatever statute contains the relevant waiver of sovereign immunity. *See* 5 Wright & Miller, *supra,* § 1212.

### II. FACTS

The jurisdictional facts of this case are undisputed. PWC, a now defunct corporation, formerly conducted business in Texas and employed Plaintiff Hodgdon. Plaintiff's Opposition at 1; Defendant's Motion to Dismiss at 1. At all relevant times, the United States Department of Transportation Maritime Administration ("MARAD") has owned the S.S. DEL MONTE. Complaint (Docket No. 1) ¶ 6; Defendant's Motion to Dismiss at 1. On February 28, 1988, PWC and MARAD entered into Contract Number DTMA91–88–C–80018 ("the contract"), which pertained to the management and operation of the S.S. DEL MONTE. Defendant's Motion to Dismiss Ex. 4, Declaration of Ann T. Danzi ¶¶ 1–2 ("Danzi Decl."). The contract was terminated by agreement of the parties on March 20, 1991. Danzi Decl. ¶ 2. Hodgdon has never been a party to the contract between PWC and MARAD. *Id.* The contract contains the following provision:

*H–22 Insurance*

The government will self insure for all liabilities on this contract in accordance with current commercial coverage for P & I, Hull and Machinery, and third person liability insurance. Gross negligence on the part of the Ship Manager [PWC] will nullify this coverage. This coverage ex-

tends to the Ship Managers and their employees. The Ship Manager is required to insure that their subcontractors and vendors offering supplies and services under the reimbursable provisions have adequate insurance.

The government shall reimburse the Ship Manager for all costs incurred in providing emergency or other medical treatment incident to the care of physically or mentally unfit Ship Manager personnel, except where the Ship Manager failed to screen the employees.

Claims submitted under this contract shall be processed by the Ship Manager in accordance with the instructions contained in Attachment J–3, "Insurance."

. . . . .

Plaintiff's Opposition Ex. A at 2. Attachment J–3 to the contract contains detailed procedures for processing personal injury claims. *See* Plaintiff's Opposition Ex. A at 5.

On March 27, 1990, Hodgdon was injured in the course of his employment with PWC while inspecting the S.S. DEL MONTE. Complaint ¶ 7. In 1992, Hodgdon sued PWC and another private company in tort in the United States District Court for the Eastern District of Texas. Complaint ¶ 11. On March 24, 1993, that court granted Hodgdon's motion for default judgment against PWC. *See* Complaint Ex. A. On March 27, 1993, Hodgdon settled his claim against the other private company for $300,000. Complaint ¶ 13. On May 24, 1993, the Texas court entered a final judgment in the amount of $700,000 against PWC and in favor of Hodgdon. Complaint Ex. A. On December 13, 1994, Hodgdon presented a claim to MARAD for the outstanding $400,000 owed on the judgment by PWC, alleging that MARAD was liable for that amount as PWC's insurer under the contract. Complaint Ex. B. MARAD did not respond to Hodgdon's claim. Complaint ¶ 16; Defendant's Motion to Dismiss at 7–8. On April 10, 1995, Hodgdon brought his contract claim

against the United States to this Court. *See* Complaint.

### III. DISCUSSION

The United States is immune from suit unless Congress unequivocally waives sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Such waivers must be construed narrowly. *Dalehite v. United States*, 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953); *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162, 165 (6th Cir.1985). Congress has waived the United States' sovereign immunity from suits based on government contracts, including maritime government contracts, only according to the terms of the Contract Disputes Act of 1978, 41 U.S.C. § 601 *et seq.* (1987) ("CDA").[1] *River & Offshore Services Co. v. United States*, 651 F.Supp. 276, 280–81 (E.D.La. 1987) (citing *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1383–84 (Fed. Cir.), *cert. denied*, 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 103 (1983)). This Court has subject matter jurisdiction over this contract action against the United States, then, only if Plaintiff conforms strictly to the terms of the CDA.

The CDA waives sovereign immunity only with respect to a "contractor," defined in the statute as "a party to a Government contract other than the Government." 41 U.S.C. § 601(4). The term "contractor" has been interpreted to include those who are in privity of contract with the government, even though they are not properly parties to the government contract. *Erickson Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 813 (Fed.Cir. 1984) (citing *United States v. Johnson Controls*, 713 F.2d 1541, 1550–52 (Fed.Cir.1983)). It appears that third-party beneficiaries to a government contract are among those in privity of contract with the government under the CDA.[2] The following standard has been applied for determining who may sue the government as a third-party beneficiary:

---

1. Plaintiff alleges two other grounds for subject matter jurisdiction. *See* Plaintiff's Objection at 11–13. Neither ground involves conformity to the requirements of the CDA. Both grounds, therefore, fail.

2. Plaintiff cites numerous Claims Court cases affirming that third-party beneficiaries of government contracts have standing in that court to sue the United States under such contracts. *E.g., Chin v. United States*, 16 Cl.Ct. 274, 276 n. 2

To entitle one to sue as a third-party beneficiary of a contract to which he is not a party, the contract must reflect the *intent not merely to benefit* the third-party *but also* to give him the *direct right to compensation or to enforce that right* against the promisor.

*Baudier Marine Electronics v. United States,* 6 Cl.Ct. 246, 249 (1984), *aff'd,* 765 F.2d 163 (Fed.Cir.1985) (emphasis added) (citing *German Alliance Ins. Co. v. Home Water Supply Co.,* 226 U.S. 220, 230, 33 S.Ct. 32, 35, 57 L.Ed. 195 (1912)).[3]

In this case, Plaintiff Hodgdon claims that this Court has subject matter jurisdiction over his contract claim against the United States because he is a third-party beneficiary of PWC's contract with MARAD. Plaintiff's contention fails because he meets neither of the two requirements for third-party beneficiary status. First, the contract reflects no "intent [of the contracting parties] to benefit" third parties, such as Plaintiff Hodgdon, who suffer injury by PWC's negligence or the S.S. DEL MONTE's unseaworthiness. The contract clearly indicates the contracting parties' intent to shift from PWC to the United States liability for such negligence or unseaworthiness; the contract does not indicate, however, that the contracting parties made that shift with the intent to benefit injured third parties.[4] Second, there is no provision in the contract demonstrating any intent to provide Plaintiff with a "direct right to compensation or to enforce that right" against the United States. Because this Court finds that Plaintiff is not a third-party beneficiary to the contract between PWC and the United States, this Court also finds that it lacks subject matter jurisdiction over Plaintiff's contract claim and must dismiss that claim.[5] Fed.R.Civ.P. 12(b)(1).

## *IV. CONCLUSION*

Accordingly, it is *ORDERED* that Defendant United States of America's Motion to Dismiss be, and it is hereby, *GRANTED.*

---

(1989); *Hebah v. United States,* 192 Ct.Cl. 785, 792, 428 F.2d 1334 (1970). Those cases, however, involve interpretations of the Tucker Act, 28 U.S.C. § 1491, the primary jurisdictional statute for that court, not of the Contract Disputes Act, which alone can bestow jurisdiction on this Court in this case. *See Hebah,* 192 Ct.Cl. at 792, 428 F.2d 1334; *Clean Giant, Inc. v. United States,* 19 Cl.Ct. 390 (1990) (evaluating Claims Court jurisdiction under both CDA and Tucker Act, but addressing third-party beneficiary status only under Tucker Act). This Court is aware of no case directly addressing the precise issue of the standing of third-party beneficiaries under the CDA. Still, the Tucker Act cases are at least instructive on the issue in that many of the same principles of privity, standing, and sovereign immunity are involved. *See United States v. Johnson Controls,* 713 F.2d 1541, 1550–51 (Fed.Cir.1983). This Court assumes, therefore, without deciding, that the term "contractor" in the CDA includes third-party beneficiaries as one species of party in privity of contract with the government.

3. The Claims Court has applied this relatively restrictive test with some consistency to determine third-party beneficiary status for purposes of determining who may sue the United States under a government contract. *See, e.g., Blaze Constr., Inc. v. United States,* 27 Fed.Cl. 646, 652 (1993); *Sharkey v. United States,* 17 Cl.Ct. 643, 652–53 (1989). *But see Schuerman v. United States,* 30 Fed.Cl. 420, 427–34 (1994). This Court, therefore, rejects the other tests for third-party beneficiary status urged by Plaintiff, including one drawn from Texas private insurance law. Plaintiff's Objection at 8, 10–11.

4. The contract appears to show intent to benefit Hodgdon by extending to him, as an employee of PWC, coverage by the United States for *his liability to others* who are injured by his negligence. *See* Plaintiff's Opposition Ex. A at 2 ("This coverage extends to Ship Managers and their employees."). That benefit, however, is not the one that Plaintiff seeks to enforce in this action. Nor does the parties' intent to benefit Hodgdon by insuring him against liability to others imply that the parties similarly intended to benefit him by insuring his employer against liability to him. Indeed, it is difficult to imagine the contracting parties as having considered the reallocation of risk between themselves as any "benefit" at all to a third party, like Hodgdon, subsequently injured by negligence or unseaworthiness. Money paid on a tort judgment for such an injury, whether collected from PWC or the United States, is just as green.

5. Without subject matter jurisdiction, this Court cannot reach Defendant's contention that Plaintiff's current action is barred by *res judicata.* Nor does this Court reach the additional grounds for dismissal advanced in the Memorandum in Support of United States' Supplemental Motion to Dismiss (Docket No. 12).